IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>211 COUNTY ROAD 4221, DECATUR, TEXAS, *ET AL.* | NO. 4:15-CV-395-O |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCIA CARAWAY MORRISON | NO. 4:15-CR-224-O |

**UNITED STATES' STATUS REPORT
AND NOTICE OF TERMINATION OF RECEIVER
TO SELL REAL PROPERTY AT 429 PR 4221 DECATUR, TX**

The United States of America provides this status report to the court and parties and notice of termination of Receiver Bobby Norris Preferred Properties, LLC to sell the real property at 429 PR 4221 Decatur, Texas, and in support states:

## BACKGROUND

1. On May 22, 2015, the United States filed a civil complaint in rem seeking forfeiture of the following Respondent Property in the above-captioned no. 4:15-CV-395:

   a. Real property located at **211 CR 4221, Decatur, Texas**, more particularly described as 1.00 acres of land, being all that certain tract or parcel of land lying and being situated in Wise County, Texas, being a part of the ASA Hill Survey Abstract 363, including all buildings, appurtenances, and improvements located thereon;

**USA Status Report and Notice of Termination of Receiver to Sell 429 PR 4221 Decatur, TX – Page 1**

      b.      Real property located at **429 Private Road 4221, Decatur, Texas**, more particularly described as 67.18 acres and a 30 foot road easement in the Asa Hill Survey, Abstract No. 363, Wise County, Texas and being part of the Second Tract (called 172-1/2 acres) as deeded to Ruth I. Hornback et al in Volume 344, Page 91, Real Records, Wise County Texas, and 43.05 acres in the Asa Hill Survey, Abstract No. 363, Wise County, Texas, and being part of the Second Tract described in Volume 344, Page 91, Real Records, Wise County, Texas, including all buildings, appurtenances, and improvements located thereon; and

      c.      Real property located at **951 FM 2264, Decatur, Texas**, more particularly described as 24.41 acre tract of land situated in the Asa Hill Survey, Abstract No. 363, Wise County, Texas, and being that certain tract to Wilbur Lee Smith described in deed as recorded in Volume 771, Page 335, Real Records, Wise County, Texas (collectively "Respondent property").

2.      The title owners of record of the Respondent Property are Marcia Morrison and Charles Morrison. On or about May 27, 2015, the United States recorded notices of lis pendens in Wise County, Texas as Document Nos. 201504912, 201504913, and 201504914 to provide notice that the Respondent Property was subject to forfeiture. The United States also published notice of this forfeiture action.

3.      As set forth in the affidavit in support of the civil complaint, Marcia was the subject of a criminal investigation in which the United States also provided notice that any property, real or personal, constituting or derived from proceeds traceable to the offenses charged, including the Respondent Property. The civil forfeiture action has been stayed since July 2015.

4.      On March 21, 2016, the related criminal case *United States v. Marcia Morrison*, No. 4:15-224-O (N.D. Tex.) concluded with a judgment entered against Marcia, including a restitution order in the amount of $1,694,008.31, but no forfeiture of

the Respondent Property.[1] Pursuant to 18 U.S.C. § 3613(c), upon entry of the criminal judgment, a lien arose against all of Marcia's property and rights to property, including the Respondent Property.

5. On June 15, 2015, Legend Bank, N.A. filed its verified claim and answer in the civil forfeiture case asserting its lien holder's interest in the Respondent Property as follows:

a. 951 Farm to Market 2264 Decatur, Texas by virtue of a Deed of Trust executed by 3CM Cattle Company LLC on or about April 18, 2014, recorded as Instrument Number 201404049 in the real property records of Wise County, Texas, to secure a Promissory Note in the original principal amount of $185,000.00 ("the Note"); and

b. 429 Private Road 2441 Decatur, Texas by virtue of a Deed of Trust executed by Charley Joe Morrison, Jr. and Marcia Caraway Morrison ("the Morrisons") on or about February 20, 2004, recorded as Instrument Number 344405, Vol. 1394, Page 69, in the real property records of Wise County, Texas, to secure a Promissory Note in the original principal amount of $75,000.00 ("the Note"), later modified by a Deed of Trust Modification executed by the Morrisons on or about February 20, 2014, recorded as Instrument Number 201402458 in the real property records of Wise County, Texas, to secure a First and Second Debt Modification Agreement ("the Modification");

c. Legend Bank has no interest in 211 CR 4221, Decatur, Texas.

---

[1] Marcia pled guilty and agreed to deposit funds in the court's registry and to reimburse the costs incurred for the seizure and storage of property subject to forfeiture for the government to forgo forfeiture of that property, *see* stipulation (Dkt. 11 in 4:15-CR-244), but she failed to post any funds.

**USA Status Report and Notice of Termination of Receiver to Sell 429 PR 4221 Decatur, TX – Page 3**

*See* Verified Claim and Answer (Dkts. 6-7 in 4:15-CV-395).

6. On December 26, 2017, 2017, The Bank of New York Mellon f/k/a The Bank of New York Mellon as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for GSRPM Mortgage Pass-Through Certificates, Series 2003-1 ("BONY") filed a motion to intervene in the civil forfeiture case and asserted its lien holder's interest in the Respondent Property as follows:

   a. 429 Private Road 4221, Decatur, Texas by virtue of a Deed of Trust executed by Charles Joseph Morrison Jr., and Marcia Caraway Morrison on or about July 14, 1998, recorded as Volume 803, Page 28 in the real property records of Wise County, Texas, to secure a Promissory Note in the original principal amount of $252,000.00 ("the Note");

   b. BONY has no interest in 951 Farm to Market 2264, Decatur, Texas; and

   c. BONY has no interest in 211 CR 4221, Decatur, Texas.

*See* Motion (Dkt. 30 in 4:15-CV-395).

7. On January 18, 2018, Beal Bank USA notified the United States that it had acquired and asserted its lien holder's interest in the Respondent Property as follows:

   a. 429 Private Road 4221, Decatur, Texas 429 Private Road 4221, Decatur, Texas by virtue of a Deed of Trust executed by Charles Joseph Morrison and Marcia Caraway Morrison on or about October 22, 1998, the Assignment of which was recorded as Document No. 201713385 in the real property records of Wise County, Texas on November 29, 2017, to secure a Promissory Note in the original principal amount of $35,890.00 for the benefit of Green Tree Financial Servicing Corporation ("the Note");

USA Status Report and Notice of Termination of Receiver to Sell 429 PR 4221 Decatur, TX – Page 4

      b.      Beal Bank USA has no interest in 951 Farm to Market 2264, Decatur, Texas; and

      c.      Beal Bank USA has no interest in 211 CR 4221, Decatur, Texas.

*See* Stipulation (Dkt. 57 in 4:15-CR-224).

8.      Wise County, Texas, Wise County Lateral Road District, Wise County Maintenance, and Decatur I.S.D. ("the Taxing Authorities") filed verified claims in the related criminal case (Dkts. 47-48 in 4:15-CR-224) asserting an interest in all of the Respondent Property.

9.      The United States had executed stipulations for settlement to pay off the liens of BONY, Legend Bank, Beal Bank USA, and the Taxing Authorities upon the sale of the Respondent Property. *See* Stipulations (Dkt. 26 in 4:15-CV-395 and Dkts. 49 and 57 in 4:15-CR-224).

10.      On December 5, 2017, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), 26 U.S.C. §§ 7402(a) and 7403(d) and 28 U.S.C. 28 U.S.C. §§ 2001-02 and 3203(e), the United states moved to foreclose its criminal restitution judgment lien against Marcia Morrison's nonexempt interest in the Respondent Property and appoint a receiver to sell each property. *See* Motion to Foreclose Judgment Lien and Appoint Receiver to Sell Real Property (Dkt. 28 in 4:15-CV-395 and Dkt. 51 in 4:15-CR-224).

11.      On February 14, 2018, the court appointed Bobby Norris Preferred Properties, LLC as Receiver to take possession and arrange for the sale of the Respondent Property. *See* Order Appointing Receiver to Sell Real Property (Dkt. 38 in 4:15-CV-395).

12.     Pursuant to this court's orders, the Receiver closed sales of the property at 211 CR 4211 Decatur, Texas and 951 FM 2264 Decatur, Texas, and the net sale proceeds have been paid to the Clerk of Court.  *See* Order Confirming Sale (Dkt. 42 in 4:15-CV-395 and Dkt. 62 in 4:15-CR-224) and Order to Apply Proceeds of Sale (Dkt. 47 in 4:15-CV-395).

13.     The stipulation with BONY, the primary and senior lien holder on 429 PR 4211 Decatur, Texas, provided that if that property had not sold by the end of six months from the appointment of the receiver, BONY may proceed with a non-judicial sale of that property in accordance with Section 51.002 of the Texas Property Code.  *See* BONY Stipulation (Dkt. 47 in 4:15-CV-395).

14.     Unfortunately, after six months of marketing the property at 429 PR 4221 Decatur, Texas, the Receiver was unable to procure any offers that would be sufficient to pay off the liens against the property.  *See* Receiver's Termination of Listing attached as Exhibit A.

15.     Therefore, the real property at 429 PR 4221 Decatur, Texas now reverts to BONY to pursue a non-judicial sale as needed to satisfy its lien.

16.     Since entry of the criminal restitution judgment against Marcia, the disposition of 429 PR 4221 Decatur, Texas no longer depends on either civil or criminal judicial forfeiture of the criminal proceeds traced into it.  *See United States v. Ogbemudia*, 361 Fed. App'x. 583, 584 (5th Cir. 2010) (enforcement of a restitution order is distinct from forfeiture proceeding, thus no requirement that government trace funds to defendant's criminal offense).  Enforcement of a restitution order simply depends on

whether the judgment debtor has a substantial non-exempt interest in the property. Separate and distinct from forfeiture, upon entry of the criminal judgment, pursuant to 18 U.S.C. § 3613(c), a statutory lien arose against all of Marcia's property and rights to property, including 100% of most community property, in the same manner as a federal tax lien. *See* 18 U.S.C. § 3613 and 26 U.S.C. § 7403; *United States v. Loftis*, 607 F.3d 173, 176-79 (5th Cir. 2010) (citing *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989)).

THEREFORE, the federal criminal restitution judgment lien remains attached to all of Marcia Morrison's property and rights to property, including 429 PR 4221 Decatur, Texas, such that whenever that property sells, any net surplus proceeds shall be paid to the Clerk of Court toward her outstanding judgment balance.

        Respectfully submitted,

        ERIN NEALY COX
        UNITED STATES ATTORNEY


        */s/ Melissa A. Childs*
        MELISSA A. CHILDS
        Assistant United States Attorney
        Illinois Bar No. 6273797
        1100 Commerce Street, Third Floor
        Dallas, TX  75242-1699
        Telephone:  214-659-8600
        melissa.childs@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney certifies that in accordance with Fed. R. Civ. P. 5, LR 5.1, and Fed. R. Crim. P. 49, LCrR 49.2, and the Miscellaneous Order on Electronic Case Filing (ECF), the following document:

Status Report and Notice of Termination of Receiver to Sell 429 PR 4221 Decatur, TX

was served on August 17, 2018 pursuant to the district court's ECF system as to ECF filers and sent by regular mail to:

**Service List**
*USA v. 211 County Road 4221, Decatur, Texas, et al.*, No. 4:15-CV-395-O (N.D. Tex.);
*USA v. Marcia Morrison*, No. 4:15-CR-224-O (N.D. Tex.); and
*Decatur ISD, et al v. 3CM Cattle Company, LLC, et al.*, No. 12379
(271st Jud. Dist., Wise Co., Tex.)

**Attorney for Nationstar**
**re 429 Private Rd.**
Kelly Harvey
Harvey Law Group
Kelly Harvey P.C.
P.O. Box 131407
Houston, Texas  77219
Tel.  832-922-4000 x. 222
Email:  kelly@kellyharvey.com

**Attorney for Legends Bank, NA**
**re 429 Private Rd. + 951 FM 2264**
Matthew D Anderson
Gibson Davenport Anderson
3711 Maplewood, Ste. 200
Wichita Falls, TX 76308
Tel.:  940-322-7856
Email: mda@gda-law.com

**Attorney for Taxing Authorities**
Glenn E. Smith, Jr.
Linebarger Goggan Blair & Sampson, LLP
100 Throckmorton, Suite 300
Fort Worth, TX 76102
Tel:  817-877-4589
Email:  GlennS@lgbs.com

**Attorney for 3CM Cattle Company, LLC,**
**Charles Morrison, and Marcia Morrison**
Paul G Belew
Belew Gonzalez Singleton & Belew
1024 N Main St
Fort Worth, TX 76164
Tel.:  817-336-7575
Email: pbelew@hotmail.com

**Attorney for Marcia Gage Rodden**
John R. Lively
Lively & Associates, PLLC
301 Commerce St., Suite 2900
Fort Worth, TX 76102
Tel.:  817-338-1030
Email:  john.lively@livelyllp.com

**Attorney for Charles Morrison**
Diane M Kozub
P.O. Box 670714
Dallas, TX 75367
Tel.:  817-807-2471
Email: dikozub@hotmail.com

**Receiver**
Bobby Norris
BOBBY NORRIS PREFERRED
PROPERTIES,LLC
5240 Camp Bowie Blvd.
Fort Worth, Texas 76107
smartplan1@aol.com

                                          */s/ Melissa A. Childs*
                                          MELISSA A. CHILDS
                                          Assistant United States Attorney